UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

TRICIA VAN WIE ex rel. K.M.,

                                   Plaintiff,

                                                                       Case # 15-CV-208-FPG

v.

                                                                       DECISION AND ORDER

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,

                                   Defendant.
_____

      Tricia Van Wie ("Plaintiff") brings this action on behalf of her minor daughter ("K.M.") pursuant to Title XVI of the Social Security Act ("the Act") seeking review of the final decision of the Acting Commissioner of Social Security ("the Commissioner") that denied her application for Supplemental Security Income ("SSI"). ECF No. 1. This Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c).

      Both parties have moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. ECF Nos. 7, 9. For the reasons that follow, this Court finds that the Commissioner's decision is not in accordance with the applicable legal standards. Accordingly, Plaintiff's motion is GRANTED, the Commissioner's motion is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings.

## BACKGROUND

      On September 13, 2011, Plaintiff filed an application for SSI with the Social Security Administration ("the SSA") on K.M.'s behalf. Tr. 122-28. She alleged that she had been disabled since January 1, 2010, due to Tourette's syndrome, attention deficit disorder ("ADD"), and obsessive compulsive disorder ("OCD"). Tr. 142. After her application was denied at the

initial administrative level, a hearing was held before Administrative Law Judge David S. Lewandowski ("the ALJ") on February 19, 2013, in which the ALJ considered K.M.'s application *de novo*. Tr. 39-65. K.M. and her mother appeared at the hearing with their attorney and testified. *Id.* On June 26, 2013, the ALJ issued a decision finding that K.M. was not disabled within the meaning of the Act. Tr. 10-28. That decision became the Commissioner's final decision on January 5, 2015, when the Appeals Council denied K.M.'s request for review. Tr. 1-6. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

"In reviewing a final decision of the SSA, this Court is limited to determining whether the SSA's conclusions were supported by substantial evidence in the record and were based on a correct legal standard." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012) (internal quotation marks omitted); *see also* 42 U.S.C. § 405(g). The Act holds that a decision by the Commissioner is "conclusive" if it is supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence means more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moran v. Astrue*, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotation marks omitted). It is not this Court's function to "determine *de novo* whether [the claimant] is disabled." *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998) (internal quotation marks omitted); *see also Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990) (holding that review of the Secretary's decision is not *de novo* and that the Secretary's findings are conclusive if supported by substantial evidence).

**II.     Child Disability Standard**

An individual under 18 years old will be considered disabled if he or she has a medically determinable physical or mental impairment that results in marked and severe functional limitations, that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than 12 months.  42 U.S.C. § 1382c(a)(3)(C)(i).

The Commissioner must follow a three-step process to evaluate child disability claims. *See* 20 C.F.R. § 416.924.  At step one, the ALJ determines whether the child is engaged in substantial gainful work activity.  *See* 20 C.F.R. § 416.924(b).  If so, the child is not disabled.  If not, the ALJ proceeds to step two and determines whether the child has an impairment, or combination of impairments, that is "severe," meaning that it causes "more than minimal functional limitations."  20 C.F.R. § 416.924(c).  If the child does not have a severe impairment or combination of impairments, he or she is "not disabled."  If the child does, the ALJ continues to step three.

At step three, the ALJ examines whether the child's impairment meets, medically equals, or functionally equals the criteria of a listed impairment in Appendix 1 of Subpart P of Regulation No. 4 (the "Listings").  20 C.F.R. § 416.924(d).  To determine whether an impairment or combination of impairments functionally equals the Listings, the ALJ must assess the child's functioning in terms of the following six domains: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being.  20 C.F.R. §§ 416.926a(b)(1)(i)-(vi).  To "functionally equal the listings," the child's impairment(s) must cause "marked" limitations in two domains of functioning or an "extreme" limitation in one domain.  20 C.F.R. § 416.926a(a).

**DISCUSSION**

### I. The ALJ's Decision

The ALJ's decision analyzed K.M.'s claim for benefits under the process described above. At step one, the ALJ found that K.M. had not engaged in substantial gainful activity since the application date. Tr. 13. At step two, the ALJ found that K.M. has the following severe impairments: Tourette's syndrome, attention deficit hyperactivity disorder ("ADHD"), anxiety disorder, bilateral femoral anteversion, OCD, and migraines. Tr. 13. At step three, the ALJ found that such impairments, alone or in combination, did not meet or medically equal an impairment in the Listings. Tr. 13-14.

As to the six domains of functioning, the ALJ found that K.M. had a "less than marked" limitation in each domain. Tr. 21-27. Thus, the ALJ found that K.M.'s impairments, alone or in combination, did not functionally equal an impairment in the Listings. Tr. 14-27. Accordingly, the ALJ found K.M. not disabled within the meaning of the Act. Tr. 27.

### II. Analysis

K.M. argues that remand is warranted because the ALJ's credibility analysis was improper. ECF No. 7-1, at 17-25. Specifically, K.M. asserts that ALJ erred because he found K.M. and her mother credible yet determined that "their credible testimony did not support a finding of disability." *Id.* at 18. The Commissioner maintains that it was proper for the ALJ to find that the testimonial evidence was credible but not supportive of disability. ECF No. 9-1, at 25-31.

An ALJ must "evaluate the credibility of testimony or statements about the claimant's impairments when there is conflicting evidence about the extent of pain, limitations of function, or other symptoms alleged." *Warren ex rel. T.M.W. v. Colvin*, No. 12-CV-00544-JTC, 2014 WL

4

200231, at *8 (W.D.N.Y. Jan. 16, 2014) (citation omitted); *Snell v. Apfel*, 177 F.3d 128, 135 (2d Cir. 1999) ("Where there is conflicting evidence about a claimant's pain, the ALJ must make credibility findings."). Additionally, a parent's testimony in an SSI case on a child's behalf "is evidence in a disability determination proceeding and the ALJ must consider it." *Brownell v. Astrue*, No. 05-CV-0588 (NPM/VEB), 2009 WL 5214948, at *4 (N.D.N.Y. Dec. 28, 2009); *Phelps v. Colvin*, 20 F. Supp. 3d 392, 404 (W.D.N.Y. 2014) (citation omitted). The court must uphold the ALJ's decision and may not substitute its judgment for the Commissioner's when the ALJ's credibility analysis is based on application of the proper legal standards and is supported by substantial evidence. *Hogan v. Astrue*, 491 F. Supp. 2d 347, 352 (W.D.N.Y. 2007) (citing *Parker v. Harris*, 626 F.2d 225, 231 (2d Cir. 1980)).

An ALJ must conduct a two-step analysis when he or she considers the extent to which subjective evidence of a claimant's symptoms can reasonably be accepted as consistent with the medical and other objective evidence. *Brownell*, 2009 WL 5214948, at *3. First, the ALJ considers whether the medical evidence shows any impairment that "could reasonably be expected to produce the pain or other symptoms alleged[.]" 20 C.F.R. § 416.929(a); S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996). Second, if an impairment is shown, the ALJ must evaluate the "intensity, persistence, or functionally limiting effects" of a claimant's symptoms to determine the extent to which they limit the claimant's capacity to work. 20 C.F.R. § 416.929(b); S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996).

When the objective medical evidence alone does not substantiate the claimant's alleged symptoms, the ALJ must assess the credibility of the claimant's statements considering the following factors: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of the claimant's symptoms; (3) precipitating and aggravating factors; (4) the type,

5

dosage, effectiveness, and side effects of any medication taken to relieve symptoms; (5) other treatment received to relieve symptoms; (6) any measures the claimant has taken to relieve symptoms; and (7) any other factors concerning the claimant's functional limitations and restrictions due to symptoms.  20 C.F.R. §§ 416.929(c)(3)(i)-(vii); S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996).

The ALJ's credibility findings "must be set forth with sufficient specificity to permit intelligible plenary review of the record." *Phelps*, 20 F. Supp. 3d at 403 (internal quotation marks and citation omitted).  Social Security Ruling 96-7p warns that:

> It is not sufficient for the [ALJ] to make a single, conclusory statement that "the individual's allegations have been considered" or that "the allegations are (or are not) credible." It is also not enough for the [ALJ] simply to recite the factors that are described in the regulations for evaluating symptoms. The determination or decision must contain specific reasons for the finding on credibility, supported by the evidence in the case record, and must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the [ALJ] gave to the individual's statements and the reasons for that weight.

S.S.R. 96-7p, 1996 WL 374186, at *2 (S.S.A. July 2, 1996).

Here, the ALJ summarized K.M. and her mother's testimony and then stated that "[i]n terms of [K.M.]'s alleged limitations, although the testimony of [K.M.] and her mother was found credible, it does not establish disability." Tr. 15.  The discussion that followed, however, seemed to suggest that the ALJ did *not* find them credible. *Id.*  Instead of explaining why their credible testimony was insufficient to establish disability, the ALJ analyzed some of the factors set forth above.  *Id.*  The ALJ noted, for instance, that K.M. "described activities of daily living, which are not limited to the extent one would expect, given the complaints of disabling symptoms and limitations." *Id.*  This seems to detract from K.M.'s credibility, because the ALJ found her allegations inconsistent with her daily activities.  20 C.F.R. § 416.929(c)(3)(i).  The

6

ALJ also discussed K.M.'s medications, which the ALJ found to be "relatively effective in controlling [her] symptoms." Tr. 15-16; 20 C.F.R. § 416.929(c)(3)(iv).  The ALJ also noted that "the teacher evaluations do not show significant problems to warrant marked or extreme findings." Tr. 15.

It is confusing to this Court how the ALJ found K.M. and her mother credible but then discredited their allegations.  The remainder of the ALJ's decision fails to clarify how K.M. and her mother's "credible" testimony affected the ALJ's findings in each of the functional domains, because he does not discuss the testimony in his analysis.  Tr. 21-27.  It is possible that this testimony, if the ALJ believed it and afforded weight to it, could have changed the findings in one or more of the functional domains.

K.M. testified, for example, that her tics make it hard for her to complete assignments and concentrate at school, that she needs extra time to get organized and take tests, and that she has episodes of Tourette's every few minutes. Tr. 48-52.  K.M.'s mother testified that the tics cause K.M. to take "two to three hours to do homework instead of a half hour like other kids," and that a change in her schedule could cause a "meltdown" that lasts for one to two hours.  Tr. 56, 58.  This testimony is arguably relevant to the domain of Attending and Completing Tasks, because it demonstrates that K.M.'s impairments affect her focus, attention, and how well she carries through and finishes activities.  20 C.F.R. § 416.926a(h); S.S.R. 09-4p, 2009 WL 396033, at *5-6 (S.S.A. Feb. 18, 2009).  K.M.'s mother also testified that K.M's most common tic is hitting herself and that it is so bad that she leaves bruises on her leg.  Tr. 54.  This testimony is arguably relevant to the domain of Caring For Yourself, because it demonstrates that K.M.'s impairments cause her to engage in self-injurious behavior.  20 C.F.R. § 416.926a(k); S.S.R. 09-7p, 2009 WL 396029, at *6 (S.S.A. Feb. 17, 2009).

Given the confusion described above, the ALJ's credibility determination does not permit intelligible plenary review of the record. Accordingly, because the ALJ's credibility determination lacks the requisite specificity to make it clear to Plaintiff and to this Court the weight he gave to the testimony and the reasons for that weight, remand is required.

## CONCLUSION

For the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 7) is GRANTED, the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is DENIED, and this matter is REMANDED to the Commissioner for further administrative proceedings consistent with this opinion, pursuant to sentence four of 42 U.S.C. § 405(g). *See Curry v. Apfel,* 209 F.3d 117, 124 (2d Cir. 2000); 42 U.S.C. § 1383(c)(3). The Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: October 14, 2016
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court